UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LINDSEY P.,

     Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

CASE NO. 3:21-cv-05168-JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13.  *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 5.  This matter has been fully briefed.  *See* Dkts. 17, 21, 22.

Plaintiff, who alleges that she is disabled due to mental impairments, including depression, anxiety, and schizophrenia, challenges the Administrative Law Judge's ("ALJ") evaluation of her symptom testimony.

1    The Court concludes that the ALJ erred in rejecting plaintiff's testimony regarding the
2    severity of her depression, anxiety, and schizophrenia symptoms, including that she experiences
3    paranoia, panic attacks, memory problems and hears voices and that she is afraid to leave her
4    house due to these symptoms.  In rejecting plaintiff's symptom testimony, the ALJ erred by
5    selectively citing and mischaracterizing medical records in finding that objective medical
6    evidence is inconsistent with plaintiff's testimony, despite that the cited records are consistent
7    with plaintiff's subjective complaints.  The ALJ further erred by overlooking a large number of
8    medical records that are again consistent with plaintiff's testimony.  However, even crediting
9    plaintiff's testimony as true, there are inconsistencies between plaintiff's testimony and the
10   medical evidence of record that must be resolved by the ALJ.  Thus, a remand for further
11   proceedings is appropriate.

## PROCEDURAL HISTORY

13   Plaintiff's application for disability insurance benefits ("DIB") pursuant to 42 U.S.C. §
14   423 (Title II) of the Social Security Act was denied initially and following reconsideration.  *See*
15   AR 15.  Plaintiff's requested hearing was held before ALJ Robert F. Campbell on June 16, 2020.
16   *See id.*  On July 8, 2020, the ALJ issued a written decision in which the ALJ concluded that
17   plaintiff was not disabled pursuant to the Social Security Act.  *See* AR 15–26.
18   On January 4, 2021, the Appeals Council denied plaintiff's request for review, making
19   the written decision by the ALJ the final agency decision subject to judicial review.  AR 1; *see*
20   20 C.F.R. § 404.981.  Plaintiff filed a complaint in this Court seeking judicial review of the
21   ALJ's written decision in March 2021.  *See* Dkts. 1, 3.  Defendant filed the sealed administrative
22   record ("AR") regarding this matter on August 16, 2021.  *See* Dkt. 12.

## BACKGROUND

Plaintiff, Lindsey P., was born in 1982 and was 34 years old on the alleged date of disability onset of January 1, 2017, and she is insured through March 31, 2022. *See* AR 15, 17, 25. Plaintiff completed her education through the ninth grade, and her work history includes prior employment as a caregiver and home healthcare worker. *See* AR 37–38; 57–58. Plaintiff states that she stopped working due to her conditions. *See* AR 42.

According to the ALJ, plaintiff has at least the severe impairments of depression, schizophrenia, and juvenile epilepsy. AR 17.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

Plaintiff argues that the ALJ erred in discounting her symptom testimony regarding her mental impairments. *See* Dkt. 17, at 7–10; *see also* AR 26–28 (reflecting the ALJ's separate discussion of plaintiff's seizures apart from mental impairments). Finding this issue dispositive, the Court declines to address plaintiff's remaining arguments.

  **I. Plaintiff's Symptom Testimony**

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms she alleges, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so."

1  *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014) (quoting *Smolen v. Chater*, 80 F.3d
2  1273, 1281 (9th Cir. 1995)).

3        During the hearing with the ALJ, plaintiff testified that her depression and schizophrenia
4  make it "hard to leave [her] house" and that she "[does]n't like to do anything." AR 39.
5  Plaintiff further testified that when she gets depressed, she "just forgets how to do things" like
6  care for her daughter. *See* AR 39–40, 44; *see also* AR 192, 209 (reporting poor memory,
7  concentration, paranoia, and hallucinations). Plaintiff testified that she experiences "severe
8  anxiety" that makes her feel lightheaded and that she had a panic attack when she attempted to
9  work in 2018. AR 42–43. Plaintiff further testified that her mother helps her to remember to
10 take her medication and helps with cleaning and taking care of plaintiff's daughter. AR 40, 44.
11 Plaintiff also testified that she experienced side effects from her medication, including that her
12 legs are twitchy and that she gets confused. AR 40; *see also* AR 214 (reporting difficulty
13 remembering things and with concentration since being on medication).

14       Having considered plaintiff's testimony at step four in the sequential evaluation, the ALJ
15 found that plaintiff's alleged symptoms and limitations were "not entirely consistent with
16 medical evidence and other evidence in the record." AR 21. Specifically, the ALJ found that (1)
17 plaintiff's testimony was inconsistent with objective medical evidence showing that plaintiff's
18 mental functioning was "normal"; and (2) and plaintiff's marijuana use was inconsistent with her
19 alleged severity of symptoms and limitations. AR 22–23.

20       With respect to the ALJ's first reason, inconsistency with objective medical evidence
21 may serve as a clear and convincing reason for discounting plaintiff's testimony. *See* Social
22 Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at *8–9 (2017); *Regennitter v.*
23 *Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998). However, an ALJ
24

may not reject a plaintiff's subjective symptom testimony "solely because the degree of pain alleged is not supported by objective medical evidence." *Orteza v. Shalala*, 50 F.3d 748, 749–50 (9th Cir. 1995) (internal quotation marks omitted); *Byrnes v. Shalala*, 60 F.3d 639, 641–42 (9th Cir. 1995) (applying rule to subjective complaints other than pain).

Here, the ALJ stated that during the relevant period, plaintiff experienced "two relatively short periods where delusions resulted in hospitalizations, but outside of those two periods, examinations [of plaintiff] were more normal." AR 22. The ALJ further stated that after plaintiff's periods of "destabilization" in May 2017 and August 2018, the medical records reflect only "mild findings" as to plaintiff's mental functioning. AR 22–23 (citing AR 284–85, 427, 454, 543–44, 546–555, 558–59, 566–67, 934–36, 969). The ALJ reasoned that these mild findings are inconsistent with plaintiff's alleged symptoms and limitations. *See* AR 22–23.

As initial matter, the ALJ appears to have mischaracterized many of the cited medical records as only reflecting "mild findings." AR 22–23. For instance, the ALJ's cited records that show apparent "normal functioning" (AR 22) or "stability" (AR 23), in fact show that plaintiff consistently presented with a depressed, anxious, and/or constricted mood and affect. S*ee* AR 287, 427, 543, 547, 554, 558, 566. The cited records further reflect that plaintiff continued to have paranoid delusions and suicidal ideations during these periods. *See* AR 287, 544. The ALJ's cited medical records are not inconsistent with plaintiff's testimony regarding the severity of her symptoms.

Further, the ALJ appears to have overlooked a number of records and mental status examinations ("MSE") findings again reflecting plaintiff's depressed, anxious, and/or constricted mood and affect (*see, e.g.*, AR 457, 459, 462, 464, 466, 470, 483–84, 486, 506, 534, 539, 543, 562, 571, 900–901), paranoid delusions (*see, e.g.*, AR 457, 459, 462, 466, 470, 534),

hallucinations (*see, e.g.*, AR 466, 470, 534), impaired memory (*see* AR 466, 470), and physical tremor resulting from anxiety. *See, e.g.*, AR 473, 506, 539, 562, 901. These objective observations contained in the record appear to be consistent with plaintiff's testimony regarding the severity of her symptoms and limitations, yet the ALJ failed to discuss them. *See Ghanim v. Colvin*, 763 F.3d 1154, 1166 (9th Cir. 2014) (explaining that an ALJ errs by selectively citing those portions of the record consistent with his or her conclusion while ignoring evidence consistent with a finding of disability).

Importantly, nearly all of the aforementioned records reflect that plaintiff consistently complained of feeling depressed and anxious, having panic attacks and paranoia, hallucinations, fear of leaving her house, and difficulty with concentration and memory. *See, e.g.*, AR 426, 456, 458–59, 461, 463, 465, 472, 482, 484, 486, 498, 502, 506, 538, 542, 553, 557, 561, 565, 900, 902, 934. These medical records are not inconsistent with plaintiff's testimony regarding the severity of her symptoms and limitations related to her depression, schizophrenia, and anxiety.

The ALJ did not accurately characterize the record concerning plaintiff's symptoms during times that she was not hospitalized or receiving inpatient treatment. *See Garrison*, 759 F.3d at 1017–18 (finding that the ALJ erred by improperly singling out a few periods of temporary well-being from a sustained period of impairment and relied on those instances to discredit a claimant); *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir.2007) (The Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." (internal citations and quotations omitted)). Consequently, the ALJ's conclusion that objective medical evidence is inconsistent with

plaintiff's complaints regarding the severity of her symptoms and limitations related to her depression, anxiety, and schizophrenia is not supported by substantial evidence.

As for the ALJ's second reason for discounting plaintiff's testimony, the ALJ found that plaintiff's marijuana use was inconsistent with the alleged severity of plaintiff's symptoms and limitations. AR 23 (citing AR 285). Neither plaintiff nor defendant address this reason for rejecting plaintiff's testimony. *See* Dkts. 17, 21, 22. Nonetheless, the Court finds that the ALJ's rejection of plaintiff's testimony because of her marijuana use is not supported by substantial evidence. Although an ALJ may discount a plaintiff's testimony based on her contemporaneous substance use (*see Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002)), in this case, the ALJ failed to explain how plaintiff's marijuana use is inconsistent with her symptom testimony. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."). Further, the ALJ failed to identify which testimony he found not credible based on plaintiff's marijuana use. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) ("General findings are insufficient; rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."). Therefore, without further explanation, the ALJ's conclusion is not supported by substantial evidence.

In sum, the ALJ erred because he failed to provide a specific, clear and convincing reason to reject plaintiff's testimony regarding the severity of her symptoms and functional limitations. *Garrison*, 759 F.3d at 1014–15. The Court also concludes that the error is not harmless because had the ALJ fully credited plaintiff's testimony, the residual functional capacity ("RFC") would have included greater limitations. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) ("'a

reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" (quoting *Stout v. Cmm'r*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)).

## II. Remaining Issues

Plaintiff also argues that the ALJ erred in his evaluation of medical opinion evidence, specifically arguing that the ALJ erred by relying on state agency reviewing physicians' medical opinions and failing to develop the record by obtaining a psychiatric consultive examination. *See* Dkt. 17, at 7–8. Plaintiff also argues that the ALJ erred in his evaluation of lay witness evidence from plaintiff's mother. *See id.* at 10–14. Because this Court remands for further proceedings, the ALJ must reassess all of plaintiff's symptom testimony, as well as reassess the medical opinion evidence, lay witness evidence, and determine whether addition medical opinion evidence is warranted. *See* Program Operations Manual System (POMS) GN 03106.036 *Court Remand Orders*, https://secure.ssa.gov/poms.nsf/lnx/0203106036 (last visited Jan. 27, 2022) (a court order vacating a prior decision and remanding the case voids the prior decision and thus returns the case to the status of a pending claim).

## III. Remand For Further Proceedings

In this case, a remand for further proceedings, rather than an award of benefits, is appropriate. Generally, "where '(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand,'" a remand for an award of benefits is appropriate. *Trevizo v. Berryhill*, 871 F.3d 664, 682–83 (9th Cir. 2017) (quoting *Garrison*, 759 F.3d at 1021).

1     But "[w]here there is conflicting evidence, and not all essential factual issues have been resolved,
2     a remand for an award of benefits is inappropriate." *See Treichler v. Cmm'r*, 775 F.3d 1090,
3     1101 (9th Cir. 2014).
4          Here, the ALJ failed to give a reason supported by substantial evidence for rejecting
5     plaintiff's testimony regarding the severity of her symptoms and functional limitations.  If
6     plaintiff's testimony was credited as true, the ALJ could be required to find plaintiff disabled.
7     *See Trevizo*, 871 F.3d at 682–83; *see also* AR 59–60 (noting the vocational expert's testimony
8     that an individual would be unable to sustain competitive employment if she was off task 15 to
9     20% of the workday, if she missed 16 hours or more of work per month, or if she needed
10    additional supervision in order to remain on task).
11         However, "a reviewing court is not required to credit claimants' allegations regarding the
12    extent of their impairments as true merely because the ALJ made a legal error in discrediting
13    their testimony." *Brown-Hunter*, 806 F.3d at 495 (quoting *Treichler*, 775 F.3d at 1106).  "The
14    touchstone for an award of benefits is the existence of a disability, not the agency's legal error.
15    To condition an award of benefits only on the existence of legal error by the ALJ would in many
16    cases make 'disability benefits . . . available for the asking, a result plainly contrary to 42 U.S.C.
17    § 423(d)(5)(A).'" *Id.* (quoting *Treichler*, 775 F.3d at 1106 (quoting *Fair v. Bowen*, 885 F.2d
18    597, 603 (9th Cir. 1989)).
19         Here, there is conflicting medical opinion evidence that must be resolved with plaintiff's
20    testimony.  For example, plaintiff testified that she hears voices that distract her, that she forgets
21    how to do even simple tasks, and that she has severe anxiety that results in panic attacks,
22    paranoia, and fear of leaving her house.  *See* AR 39–40, 42, 45 (including panic attacks that
23    occurred at work).  However, state agency reviewing psychologists opined that plaintiff would
24

be able to perform simple tasks in a normal workday with only customary breaks, use public transportation, and interact with the public. *See* AR 71–73, 86–88. Because there are inconsistencies between plaintiff's testimony and the medical evidence of record regarding whether plaintiff has function limitations that would render her disabled under the Social Security Act, a remand for further proceedings is appropriate. *See Treichler*, 775 F.3d at 1101.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Dated this 28th day of January, 2022.

J. Richard Creatura
Chief United States Magistrate Judge